John D. Bennett, S.
This is a motion by a legatee for leave to reargue the decision of this court dated October 31, 1967 (54 Mise 2d 1060). The legatee contends that this court lacked jurisdiction to decide one of the issues determined in the aforementioned decision and in addition thereto that the court’s determination as to that issue was in error.
The issue involved deals with whether or not the decedent intended that estate taxes be apportioned pursuant to EPTL 2-1.8 (formerly Decedent Estate Law, § 124) and if the surviving spouse was relieved of contributing her proportionate share of the tax.
The main issue involved in the court’s determination of October 31, 1967 dealt with whether or not the decedent’s surviving spouse had a right to elect to take her intestate share pursuant to EPTL 5-1.1. Jurisdiction was obtained over all necessary parties and extensive briefs were filed. All parties had an opportunity to be heard on all issues involved.
The decedent’s widow contended that the decedent evidenced his intention that estate taxes were not to be apportioned, by grouping the payment of estate taxes with administration expenses. Under her interpretation of paragraph “First” of the decedent’s will, she claimed she would not receive an *809 amount equal to her elective share as prescribed under EPTL 5-1.1 because the decedent provided that she was to receive only one half of his net estate. The widow contended that under the provisions of the decedent’s Avill the net estate would be established after deducting the estate taxes and thus she would be prevented from receiving what is afforded to her under EPTL 5-1.1.
Accordingly it was necessary for this court to give consideration to whether or not estate taxes were to be apportioned. A review of the widow’s reply clearly raised this issue and all of the parties concerned had an opportunity to argue and brief the issue involved. Therefore the court does not agree with the legatee that it lacked jurisdiction. In addition thereto SOPA 202 authorizes this court to make a determination of any matter within its jurisdiction when all of the parties are before the court and they have had an opportunity to argue the issue involved “ notwithstanding that the jurisdiction sought to be exercised in the proceeding is or may be exercised in or incidental to a different proceeding.” (SCPA 202.) Gircuitus est ev\tandus.
In the interest of justice the court nonetheless grants the motion to permit the legatee to reargue in order to give her an opportunity once again to present her position for the court’s consideration as to whether or not estate taxes were to be apportioned.
The legatee contends that due to the size of the estate and the expenses involved, there will be nothing left in the residuary estate if taxes are not apportioned. She contends that this violates the decedent’s intent to benefit those he thought of most. However, in reviewing the decedent’s will, the legatee herein besides sharing in the residuary estate is one of the two remaindermen of the trust established for the benefit of the decedent’s widow and she also receives a large preresiduary bequest under paragraph “Third” of the decedent’s Avill. NoAvhere in the Avill is there any indication to rebut the presumption as evidenced under paragraph “First” of the will that the decedent did not Avant the estate taxes to be apportioned. Under all of the circumstances the court adheres to its prior decision.